UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TRAY CARTER,
            *Plaintiff-Appellant,*

v.

BALTIMORE COUNTY, MARYLAND;
BALTIMORE COUNTY POLICE OFFICER
3851 (ARRESTING OFFICER ON
5/27/99); OFFICER MOHR, Baltimore
County Police Officer (Badge
4065); K. L. SMITH, Officer,
Baltimore County Police Officer
(Badge 4159); TEN UNNAMED
DETENTION CENTER OFFICERS,
BALTIMORE COUNTY DETENTION
CENTER,
            *Defendants-Appellees,*                 No. 01-2242

            and

MAYOR AND CITY COUNCIL OF
BALTIMORE; STATE OF MARYLAND;
JOHN W. ANDERSON, Sheriff of
Baltimore City; OFFICER HENDERSON,
Searching Officer and "Requester"
at Baltimore City Detention Center;
L. SMITH, Arresting Officer on
4/7/99, Baltimore City Police
Department; TEN UNNAMED
DETENTION CENTER OFFICERS,
BALTIMORE CITY DETENTION CENTER,
            *Defendants.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-01-1024-H)

Argued: May 9, 2002

Decided: July 17, 2002

Before TRAXLER, Circuit Judge, C. Arlen BEAM,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Francis Joseph Collins, KAHN, SMITH & COLLINS,
P.A., Baltimore, Maryland, for Appellant. John Edward Beverungen,
COUNTY ATTORNEY'S OFFICE, Towson, Maryland, for Appel-
lees. **ON BRIEF:** Jeffrey G. Cook, Assistant County Attorney, Tow-
son, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Tray Carter filed this action against various state, city, and county
defendants, asserting state law claims as well as federal constitutional
claims under 42 U.S.C.A. § 1983 (West Supp. 2001). The district
court granted summary judgment in favor of the defendants as to the
section 1983 claims and dismissed the state-law claims without preju-
dice. Carter appeals. We conclude that the district court acted prema-

turely, and we vacate the grant of summary judgment and remand for further proceedings.

## I.

Tray Carter was twice arrested and held in custody (once for six days and once for thirty-six days) on warrants intended for his brother Reginald, even though Tray had previously informed a Baltimore County police officer that Reginald had used Tray's name when Reginald was arrested. Carter thereafter commenced this action in state court, naming as defendants the State of Maryland, the Mayor and City Council of Baltimore, the Sheriff of Baltimore City, Baltimore County, and various individual city and county police officers.[1] The defendants removed the case to federal court, and Carter later filed an amended complaint seeking recovery under state law and under section 1983 for violations of Carter's rights under the Fourth and Fourteenth Amendments.

The defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Baltimore County defendants attached to their motion certain documents from the public record that were relevant to the claims asserted by Carter in his amended complaint.[2] Carter responded to the motion, arguing that his complaint was sufficient and that dismissal of the case was premature because no substantive discovery had taken place. Carter attached to his response a copy of Reginald's criminal record.

Because the motions to dismiss and the response included materials outside the pleadings, the district court treated the motions to dismiss as motions for summary judgment. The court denied Carter's request for discovery, concluding that "[t]he material facts have been fully

[1]During the pendency of the appeal, Carter settled his claims against the State of Maryland, Baltimore City, and the individual city defendants. Thus, the only claims at issue in this appeal are those against Baltimore County and the individual county defendants.

[2]These documents included a bench warrant issued (in Tray's name) after Reginald failed to appear for trial and tickets issued during a traffic stop to the driver of a car in which Carter was a passenger, a stop that lead to Carter's second arrest and detention.

developed by the memoranda and exhibits submitted by the parties." J.A. 176. The court granted summary judgment in favor of the defendants as to all federal claims asserted by Carter. The court declined to exercise supplemental jurisdiction over Carter's state-law claims and dismissed them without prejudice. *See* 28 U.S.C.A. § 1367(c)(3) (West 1993). This appeal followed.

## II.

On appeal, Carter contends that the district court erred by converting the motions to dismiss to summary judgment motions without first giving him a reasonable opportunity to conduct discovery. He also argues that his amended complaint alleged facts sufficient to withstand the motions to dismiss. We agree with Carter on both points.

As a general rule, if materials "outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . ., and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. Pro. 12(b); *see Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985) ("Because Gay was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion."). As the defendants point out, however, Rule 12(b) does not impose on the district court "an obligation to notify parties of the obvious." *Laughlin v. Metropolitan Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Thus, no formal notice of conversion by the district court is required in cases where it is apparent that what is nominally a Rule 12(b)(6) motion to dismiss is subject to conversion to a summary judgment motion—for example, where the motion is captioned in the alternative as a motion for summary judgment and affidavits are attached to the motion. *See id.* at 260-61.

In this case, however, it was not apparent that the motion was subject to conversion to a motion for summary judgment. While the defendants did attach to their motions some documents beyond the pleadings (and Carter did likewise in his response), the nature of those documents was such that the district court could properly consider them in the context of a Rule 12(b)(6) motion to dismiss, *without* con-

verting the motion to one for summary judgment. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record...."); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001) ("A district court may consider public records in deciding a motion to dismiss without converting the motion to one for summary judgment."); *cf. Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995) (explaining that consideration of legislative history did not require conversion of motion to dismiss), *vacated on other grounds*, 517 U.S. 1206 (1996). The district court therefore erred by converting the motion to dismiss to a summary judgment motion without giving Carter notice and a reasonable opportunity for discovery.[3]

Because the motion to dismiss was improperly converted to a summary judgment motion, the question becomes whether the dismissal of the amended complaint was proper under the standards governing a Rule 12(b)(6) motion to dismiss. When considering a motion to dismiss made pursuant to Rule 12(b)(6), "a court must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). A complaint should not be dismissed as failing to state a claim "unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (internal quotation marks omitted). And where the motion to dismiss involves "a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the

---

[3]The defendants contend that Carter had the opportunity to engage in discovery, but failed to take advantage of that opportunity, and the defendants have filed a motion to supplement the joint appendix with letters they contend show that Carter failed to diligently pursue discovery. Although we hereby grant the motion to supplement the joint appendix, we do not attach the same significance to the letters as do the defendants —the letters show that Carter was in fact attempting to schedule depositions during the time that the motions to dismiss were pending before the district court. On this record, therefore, we cannot conclude that Carter was derelict in his pursuit of discovery.

plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (internal quotation marks omitted).

In this case, we cannot say with certainty that Carter is not entitled to relief on his claims against the county defendants under any plausible legal theory. It is at least possible that, consistent with the allegations in his amended complaint, Carter can establish through discovery that the individual defendants acted with the requisite degree of culpability in handling the information that Reginald was posing as his brother and in the alleged illegal detention of Carter during the traffic stop of the car in which he was a passenger. Likewise, it is possible that discovery will provide Carter with the evidence necessary to support his claim against the county based on the county's policy with regard to verifying the identity of those taken into custody. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) (explaining that a municipality may be held liable in a section 1983 action if a municipal policy or custom caused the plaintiff's injury).

Nothing in this opinion, of course, should be understood as expressing an opinion as to the likelihood of Carter's ultimate success on his claims. Section 1983 claims generally are difficult to establish, and the claims at issue in this case are no exception. But until the facts surrounding Carter's claims are developed, the viability of Carter's claims simply cannot be determined. *See Edwards*, 178 F.3d at 243 ("The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." (internal quotation marks and alterations omitted)).

Because we cannot conclude that Carter would be entitled to no relief on his section 1983 claims against the county defendants, the district court erred by dismissing those claims at this early stage of the proceedings. And because these federal claims survive, supplemental jurisdiction exists over Carter's state law claims. *See* 28 U.S.C.A. § 1367(a). Accordingly, we vacate the decision of the district court and remand for further proceedings on Carter's federal and state claims against the county defendants.

*VACATED AND REMANDED*